## UNITED STATES *v.* BARNARD ET AL.

FILING OF ANSWER WILL NOT BE PERMITTED AFTER DEFAULT, unless the defendant satisfies the court, in some way, that there is reasonable ground to presume that he has a valid defense to the action.

APPEAL from the district court of the third judicial district, Yavapai county. The opinion states the case.

*J. A. Rush, J. P. Hargrave, and J. W. Leonard,* for the appellants.

The question in this case arises upon the construction to be placed upon that part of section 957 of the revised statutes of the United States which reads as follows: "When

suit is brought by the United States against any revenue officer or other person accountable for public money, who neglects or refuses to pay into the treasury the sum or balance reported to be due to the United States upon the adjustment of his accounts, it shall be the duty of the court to grant judgment at the return term, upon motion, unless the defendant, in open court (the United States attorney being present), makes and subscribes an oath that he is equitably entitled to credits which had been, previous to the commencement of the suit, submitted to the accounting officer of the treasury and rejected, specifying in the affidavit each particular claim so rejected, and that he can not then safely come to trial."

While there have been in the several courts of the United States many cases under this section, still there have been none reported in which there is any construction of it as to its effect upon sureties upon the bond of an alleged defaulting officer. The nearest approach to an authority upon the question at bar is the case of the *United States* v. *Lyon*, 2 McLean, 249, in which it was held that the section did not apply to a case in which the principal debtor was not a party to the action.

So also in another case it was held not to extend to suits brought by the United States as indorsees of promissory notes. *United States* v. *Blacklock*, 2 Cranch C. C. 166. Thus it appears that whenever this section has been construed with reference to the parties affected by the provision, it has been held to apply only to the principal debtor. And this construction will, we think, fairly arise upon the section itself, construed according to its language and evident intention. The words "revenue officer," "or other person," "the adjustment of his accounts," "unless the defendant makes an oath"—the singular number being preserved throughout—all taken together, seem to leave no other fair inference than that the "revenue *officer* or other *person* accountable for public money," and he alone, falls under the ban of its harsh provision. Upon no other theory could the case of *United States* v. *Lyon* have been decided.

The sureties can not be held to cognizance of the question whether or not the proper proceedings had been had in the department at Washington, and are only liable for the failure

of the postmaster, Barnard, to pay over moneys due to the United States. If, as a matter of fact, the defendant Barnard did turn over to the agent of the post-office department the sum of one thousand eight hundred dollars in postage stamps, etc., for which he received no credit, then they should be entitled to plead it. Under a fair construction of the section referred to, the appellants should have been allowed to file their new answer.

*E. B. Pomroy*, for the respondent.

The statute is explicit as to what shall constitute a defense in cases of this nature, and as to what the court shall do. R. S., sec. 957. And under the familiar rule, *Expressio unius est exclusio alterius*, every defense but the one required by statute must be excluded. Broom's Leg. Max. 421, and authorities there cited. Therefore the answer which defendants sought to introduce, not being such a defense as the statute contemplates, was properly excluded by the court below.

By Court, DUNNE, C. J.:

The complaint alleges, in substance:

1. That defendant Barnard was postmaster at Prescott in said Yavapai county at the time hereinafter stated.

2. That February 23, 1870, defendants executed a bond to the United States in the penal sum of eighteen thousand dollars, conditioned to be void if defendant Barnard faithfully discharged all his duties as postmaster aforesaid according to law and the regulations of the post-office department, specifying in detail many of such regulations, among them the following: "And moreover, should faithfully account with the United States *in the manner directed by the said postmaster general* for all moneys, postage stamps, stamped envelopes, bills, bonds, blanks, etc., received by him as such postmaster for the use of said office."

3. That said Barnard, between April 1, 1870, and July 31, 1871, received, as postmaster, public moneys amounting to one thousand nine hundred and seventy-nine dollars and sixty-nine cents, and fraudulently converted the same to his own use.

4. That on an accounting with the United States, July 31, 1871, defendant Barnard was found to be indebted to the United States in the sum of one thousand nine hundred and seventy-seven dollars and sixty-nine cents, and on February 24, 1872, was directed to pay the same to one A. J. Sullivan, postmaster of Sante Fé, New Mexico, but refused to do so, and no part thereof has been paid.

Prays judgment. Filed October 24, 1872.

Service of summons made on all the defendants. Return of summons filed March 25, 1873.

Defendant Wormser demurred, in substance:

1. That the court had no jurisdiction of the person of the defendant nor the subject of this action, because: *a.* The complaint is not signed by plaintiff nor its attorney; *b.* Summons has not issued upon any complaint filed in this court or any other court known to the laws of the United States or of this territory; *c.* Summons has not issued from a court having authority, nor has it been signed by an authorized clerk, nor returned by an authorized officer.

2. That the complaint does not state facts sufficient to constitute a cause of action. Filed March 13, 1873.

Defendant Barnard, the postmaster, answered, admitting office, bond, and indebtedness as charged; denies conversion of funds; alleges they were embezzled by his clerk; denies refusal to pay said Sullivan said sum or any sum; alleges action barred, because not commenced within two years from liability. Filed July 24, 1873.

Defendant Wormser, who had demurred as aforesaid, then answered, admitting office of Barnard, denying execution of the bond; on information and belief, denying indebtedness; as to alleged defalcation, alleging that he has no knowledge thereof sufficient to form a belief; also pleading two years' limitation. Filed February 24, 1873.

On the eleventh day of October, 1875, long after time for answering had expired, defendants Stevens, Wormser, Moeller, Bean, and Henderson asked leave to file an answer, in substance as follows:

1. Admitting that Barnard was postmaster, as charged, February 29, 1870, but denying that he was postmaster any longer than to and until on or about April 1, 1871.

2. Admitting the bond.

3. Alleging that on or about April 1, 1871, J. N. Dawly, United States special post-office agent, took possession of Barnard's office, with one thousand eight hundred dollars' worth of stamped envelopes, etc., charged to Barnard, taking and using the same for the United States, plaintiff herein.

4. Denying breach of bond by Barnard, alleging that if he had been credited with said one thousand eight hundred dollars, as he should have been, his account would have been balanced, etc.

Defendants offered to show by affidavits that the facts set up in said proposed answer had come to their knowledge since the time for answering had expired, and that it was offered in good faith. The United States district attorney waived affidavits and consented that the motion be heard as though such affidavits were filed. Motion denied. Defendants excepted.

Then, October 14, 1875, the cause coming up regularly for trial, judgment, that defendants failing to make oath that they were equitably entitled to credits submitted to accounting officers of the treasury and rejected, plaintiff have judgment with costs. Defendants appealed from the judgment.

There is nothing to show that the demurrer of defendant Wormser was ever disposed of. It is true he answered; but under section 42 of our practice act a party may demur and answer at the same time. It may have been error to have rendered the judgment against him, but there is no assignment of error here on that ground. We could not consider there was error in this respect without presuming, though the record be silent on the point, that the court did not in fact dispose of the demurrer. We can not presume this. Also, there is nothing in the record to show that issue was joined in the case by any of the defendants other than by Barnard and Wormser, further than the recital in the judgment "and the said defendants being present by counsel," but there is no assignment of error that the default of the other defendants had not been entered, or that the entry of the judgment as against them was irregular in any other respect than the one assigned as error.

The notice in the summons is sufficiently full to warrant a judgment by default to the extent of the judgment actually

rendered. And in the absence of anything to the contrary in the record, it will be presumed that the proceedings below were regular in all that is necessary to support the judgment.

The assignment of error in this case is as follows, as stated in folio 2 of transcript: " Such appeal is taken on the following assignment of error, to wit: that the court erred in refusing to grant leave to the defendants to file the answer referred to in the bill of exceptions."

The application of defendants below, the refusal of which is assigned for error, was an application to file an answer after the time for answering had expired. The first rule governing the court in this matter is found in the sixty-eighth section of our practice act, as follows: " The court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars, and may, upon like terms, allow an answer to be made after the time limited by this chapter."

The question then is, Was there good cause shown why this leave should have been granted ?

The question as to what would have been good cause in this case is determined by some very special provisions in the revised statutes of the United States. Section 957 of those statutes reads as follows: "When suit is brought by the United States against any revenue officer or any other person accountable for public money, who neglects or refuses to pay into the treasury the sum or balance reported to be due to the United States upon the adjustment of his account, *it shall be the duty of the court* to grant judgment at the return term, upon motion, unless the defendant, in open court (the United States attorney being present), makes and subscribes an oath that he is equitably entitled to credits which had been, previous to the commencement of the suit, submitted to the accounting officer of the treasury and rejected, specifying in the affidavit each particular claim so rejected, and that he can not then safely come to trial. If the court, when such oath is made, subscribed, and filed, is thereupon satisfied, a continuance until the next succeeding term may be granted. Such continuance may also be granted when the suit is brought upon a bond or other

sealed instrument, and the defendant pleads *non est factum,* or makes a motion to the court verifying such plea on motion by his oath, and the court thereupon requires the production of the original bond, contract, or other paper specified in the affidavit. And no continuance shall be granted except as herein provided."

"Sec. 958. In suits arising under the postal laws, the court shall proceed to trial and render judgment at the return term; but whenever service of process is not made at least twenty days before the return day of such term, the defendant is entitled to one continuance, if, on his statement, the court deems it expedient; and if he makes affidavit that he has a claim against the post-office department which has been submitted to and disallowed by the sixth auditor, specifying such claim in his affidavit, and that he could not be prepared for trial at such term for want of evidence, the court, if satisfied thereof, may grant continuance until next term."

" Sec. 952. No claim for a credit shall be allowed upon the trial of any suit for delinquency against a postmaster, contractor, or other officer, agent, or employee of the post-office department, unless the same has been presented to the sixth auditor, and by him disallowed, in whole or in part, or unless it is proved to the satisfaction of the court that the defendant is at the time of the trial in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting to the said auditor a claim for such credit by some unavoidable accident."

If the above sections should be thought to relate more particularly to the officer himself, note the following:

" Sec. 951. In suits brought by the United States against individuals, no claim for a credit shall be admitted on trial, except such as appear to have been presented to the accounting officers of the treasury for their examination, and to have been by them disallowed in whole or in part, unless it is proved to the satisfaction of the court that the defendant is at the time of the trial in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States or by unavoidable accident."

These sections of course have no relation to what a defendant may state in his answer, if he chooses to answer. He may state what he likes in his answer, subject to the usual motions to strike out as in other cases. They relate to granting continuance, and to what claims may be admitted on the trial of the cause.

But when a defendant is in default and asks leave to make an answer after time, one of the main things always demanded by courts is, that he satisfy the court in some way that there is reasonable ground to presume that he has a valid defense to the action. Unless he raise some such presumption, there is no reason for opening the case and delaying it. If he undertakes to show what it is he claims he can prove on the trial, and the law is clear that such a defense would avail him nothing in the trial, and there is not other cause shown for opening the case, a refusal of the judge below to permit the answer after time will not be reversed as error. It would be plain, in such a case, that the party had not shown good cause for opening the case.

Now, could the defendants have shown on the trial the facts which they say they desired to show, we are satisfied from the rule in *Giles' Case*, in the United States supreme court, 9 Cranch, 212, as found in 3 Curtis, 339, that defendants could not have used this defense on the trial. In that case the action was against Giles and his bondsmen. The defendants claimed a credit which had not been submitted to the officers of the treasury and rejected. Such a claim is not considered a good defense in the case of the principal.

The question was, Could the sureties avail themselves of it? Did they stand in any different position in the matter from the principal? At this point the court says: "If, then, in a suit against Giles himself, a claim for the credits, under the existing circumstances, could not be sustained, neither can it in an action on this bond without permitting the defendants to do indirectly what the marshal could not have done directly, and in this way avail themselves of what the law seems to regard as a default, or at least a negligence, on the part of their principal." 3 Curt. 339.

And so the defendants in that case were held liable, although it was actually proven on the trial, and so found by special verdict of the jury, that the marshal had really paid

the money to the United States district attorney, and it was customary to so pay it.   But because he had not presented his vouchers from the district attorney to the accounting officers, and had his accounts for such payment allowed or rejected, the mere fact of paying could not avail his bondsmen on the trial.

And so in this case, even if the case had been opened, the answer permitted, and the parties had actually proven on the trial all they claim they could prove, it would have availed them nothing, the credit could not be allowed, and the court would still have been obliged to enter judgment against them.

The defendants, to have been able to advance a claim for credits on the facts alleged, must have shown on the trial that the claim had been presented and rejected before the commencement of the suit, or that they had vouchers at the time of the trial not before in their power to procure, and that they had been prevented from presenting them by absence from the United States, or unavoidable accident.

True, the time of trial had not yet arrived, and it may be that they could, on the trial, have made the showing. If they thought they could have done so, they should have made a showing that they expected to be able, when the cause would be called for trial, to show vouchers and bring themselves within the statute.   They did not do this.   They did not make any showing to the court which made it reasonable to presume that on the trial they would have a valid defense.   They did not, therefore, show any good reason why the court should exercise its discretion and allow an answer to be filed after time.   There was therefore no error in the action of the court denying the motion.

Wherefore, the judgment is affirmed.